Matthew Tsai, Esq.
Nevada Bar No. 14290
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Phone: 702-474-2642
Fax: 702-949-8398
Email: MTsai@lrrc.com

*Attorneys for Defendant Synchrony Bank*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ADRIANA CARCELEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., a national banking association; SYNCHRONY BANK, a foreign corporation; EQUIFAX INFORMATION SOLUTIONS, INC., a foreign limited-liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; and TRANS UNION LLC, a foreign limited-liability company;<br><br>    Defendants. | Case No. 2:19-cv-01533-APG-VCF<br><br>**JOINT MOTION AND ORDER FOR ENTRY OF CONFIDENTIALITY STIPULATION** |

COME NOW Plaintiff Adriana Carcelen ("Plaintiff") and Defendant Synchrony Bank ("Synchrony", and together with Plaintiff, the "Parties"), by counsel, and jointly move under LR 7-1(c) for entry of the Protective Order of Confidentiality ("Order"), as follows:

**STATEMENT OF JOINT MOTION**

1. The Parties are exploring the possibility of early resolution, and have determined that the informal exchange of documents considered confidential would facilitate negotiations.

2. The Order would permit the Parties to exchange documents considered confidential.

3. The Order is entered into and binds Plaintiff and Synchrony only, and not any other party involved in this litigation.

4. The Order does not preclude the Parties from entering into other similar confidentiality agreements involving other parties involved in this litigation.

5. Counsel for Synchrony conferred with counsel for Plaintiff regarding this Order, and both Parties agree to be bound by the Order and jointly move the Court for its entry.

6. This Joint Motion is filed in good faith and not for dilatory or other improper purpose.

WHEREFORE, Plaintiff Adriana Carcelen and Defendant Synchrony Bank respectfully request that this Court enter the stipulated Protective Order of Confidentiality, attached hereto as **Exhibit A**.

DATED: December 11, 2019.                                   DATED: December 11, 2019.

*/s/ Matthew R. Tsai*                                       */s/ Kevin L. Hernandez*
Matthew R. Tsai                                             Kevin L. Hernandez
Nevada Bar No. 14290                                        NV Bar No. 12594
LEWIS ROCA ROTHGERBER CHRISTIE LLP                          LAW OFFICE OF KEVIN L. HERNANDEZ
3993 Howard Hughes Parkway, Suite 600                       8872 S. Eastern Avenue, Suite 270
Las Vegas, NV  89169                                        Las Vegas, NV 89123

*Counsel for Defendant*                                     *Counsel for Plaintiff*
*Synchrony Bank*                                            *Adriana Carcelen*

# EXHIBIT A

Matthew Tsai, Esq.
Nevada Bar No. 14290
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Phone: 702-474-2642
Fax: 702-949-8398
Email: MTsai@lrrc.com

*Attorneys for Defendant Synchrony Bank*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ADRIANA CARCELEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., a national banking association; SYNCHRONY BANK, a foreign corporation; EQUIFAX INFORMATION SOLUTIONS, INC., a foreign limited-liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; and TRANS UNION LLC, a foreign limited-liability company;<br><br>　　　　　　Defendants. | Case No. 2:19-cv-01533-APG-VCF<br><br>**PROTECTIVE ORDER OF CONFIDENTIALITY** |

This Protective Order of Confidentiality ("Order") is made and agreed to by The Law Offices of Kevin L. Hernandez on behalf of Plaintiff Adriana Carcelen ("Carcelen") and Lewis Roca Rothgerber Christie LLP ("LRRC") on behalf of Synchrony Bank ("Synchrony") (each a "Party" and collectively the "Parties"), on behalf of their respective clients in connection with the civil action captioned *Adriana Carcelen v. Citibank, N.A., et al*, Case No. 2:19-cv-01533-APG-VCF (the "Action") currently pending in the United States District Court for the District of Nevada (the "Court").

## PREAMBLE

The discovery that may be sought and documents and information that may be exchanged by the parties in the Action may include identification and release of certain documents that are considered confidential and/or proprietary information ("Confidential Information").  Counsel for

the parties to this action agree to execute this Order prior to production of any Confidential Information. Synchrony and Carcelen (the "Obligated Parties") agree to be bound by the terms of the Order upon execution of this document.

**AGREEMENT**

1. Scope. All materials produced or adduced in the course of discovery, including informal exchange of documents, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the United States District Court for the District of Nevada and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" by the producing Party that falls within one or more of the following categories: (a) business records including account notes, applications, call recordings and the like; (b) information prohibited from disclosure by statute; (c) information that reveals trade secrets or proprietary commercial information, including but not limited to business records such as account notes, applications, call recordings and the like; (d) manuals, policies, procedures, research, technical, commercial or financial information that the Party has maintained as confidential; (e) personal health or medical information protected by the Health Insurance Portability and Accountability Act; (f) personal identifying information such as Social Security Numbers; (g) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (h) personnel or employment records. Information or documents that are available to the public may not be designated as Confidential Information.

3. Designation of Documents as Confidential Information. A party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" (defined *infra*

Paragraph 5(c)) on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. The designation of a document as Confidential Information is a certification by an attorney for a party or non-party, or a party appearing *pro se*, that the document contains Confidential Information as defined in this Order.

(a) Applying the marking "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4. Designation of Deposition Testimony as Confidential Information. Unless all Parties agree on the record at the time the deposition testimony is taken, any deposition testimony taken in this matter shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the final transcript is delivered to any Party or the witness. Within this time period, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by an Arbitrator or Judge.

5. Protection of Confidential Material.

(a). General Protections. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any

purpose whatsoever other than in the matter in which the information or document was disclosed or produced, including any appeal thereof.

    (b). Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1. Counsel. Counsel for the Parties and employees of counsel who have responsibility for the Subject Cases;

2. Parties. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Subject Cases in which the information is disclosed;

3. Any Arbitrator or Judge and the staff and personal of the relevant Arbitration Association or Court;

4. Stenographers and Recorders. Stenographers and recorders engaged for depositions or hearing;

5. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6. Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of Subject Cases); and

9. Others by Consent. Other persons only by written consent of the producing Party or upon order of an Arbitrator or Judge and on such conditions as may be agreed or ordered.

(c) Any third party disclosure of Confidential Information designated as "Confidential – ATTORNEYS' EYES ONLY" pursuant to Paragraph 5(b)(6) or Paragraph 5(b)(9) of this Order, shall be made only after notice is given to all Parties. Further no such third party disclosure of Confidential Information designated as "Confidential – ATTORNEYS' EYES ONLY" shall be made pursuant to Paragraph 5(b)(6) or Paragraph 5(b)(9) unless all Parties to this Order consent to such disclosure.

(d) Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information. The party who received such materials that were later designated as Confidential Information shall make reasonable efforts to retrieve such materials from any person to whom they already have been distributed.

7. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential

Information in connection with a motion, brief or other submission to the Court must comply with the Federal Rules of Civil Procedure and any applicable local rules. No party shall file a document under seal unless the Court previously granted a motion to file under seal which was submitted to the Court in compliance with LR IA 10-5. A party shall be permitted to file a copy of this Order to support the filing of Confidential Information under seal.

8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. Action by the Court. Applications to the Court for an order relating to materials or

documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial. If a Court denies a party's motion for filing Confidential Documents under seal for substantive reasons, a party will not be required to file said documents designated as Confidential under seal.

11. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or

encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. Obligations on Conclusion of This Matter.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of This Matter. Within ninety days after the later of (1) the dismissal or entry of final judgment not subject to further appeal; or (2) the execution of settlement agreement and release by all parties to this Order, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in Paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and (2) all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. Persons Bound. This Order shall take effect when executed by counsel for all parties and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18. This Order represents the entire agreement between the Obligated Parties, and their respective counsel relating to the treatment of Confidential Information.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: December 17, 2019

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order of Confidentiality dated _____, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Protective Order of Confidentiality and understands that the terms of the Protective Order of Confidentiality obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order of Confidentiality may result in one or more of the Parties to this Order seeking penalties for the violation, to include seeking penalties for contempt, including enforcement of its terms.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Dated: _____

Signature: _____

Witness Attestation: _____